ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2021-Nov-12 13:44:16
72CV-21-12
C04D05 : 10 Pages

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## FIFTH DIVISION

**TAYLOR McKENZIE PENNINGTON**                                                      **PLAINTIFF**

vs.                                    Case No. **72CV-21-12**

**AVIS BUDGET CAR RENTAL, LLC;**
**THONGPHOUN CHANTHANOUN; and**
**A BETTERWAY RENT-A-CAR, INC.**                                                    **DEFENDANTS**

### FIRST AMENDED COMPLAINT

Taylor McKenzie Pennington, through her undersigned counsel, McMath Woods P.A., for her First Amended Complaint, states:

### I.   NATURE OF THE ACTION

1.   This is a personal injury case for compensatory damages arising from a car crash that occurred on June 28, 2020 in Franklin County, Arkansas.

### II.   PARTIES

2.   Plaintiff Taylor McKenzie Pennington is, and was at all times relevant, a resident of Fayetteville, Washington County, Arkansas.

3.   Defendant Avis Budget Car Rental, LLC (hereinafter "Avis Budget") is a foreign limited liability company, in good standing, registered to do and conducting business in the State of Arkansas. According to the Arkansas Secretary of State, its registered agent for service of process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

4.   Defendant Thongphoun Chanthanoun, according to the Arkansas Motor Vehicle Collision Report, had an address listed on his driver's license of 2368 S. Geneva Avenue, Apt. C,

**EXHIBIT 2**

Fresno, California 93706-4349. Plaintiff believes that Chanthanoun may have been residing in Arkansas at the time of the wreck.

5.      Defendant A Betterway Rent-A-Car, Inc. (hereinafter "Betterway") is a domestic for-profit corporation conducting business in Arkansas, Georgia, and throughout the United States. According to the Georgia Secretary of State, its registered agent for service of process is Incorp Services, Inc., 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350. Upon information and belief, A Betterway Rent-A-Car, Inc. is a franchisee of Defendant Avis Budget Car Rental, LLC and rented the subject 2020 Kia Soul to Defendant Thongphoun Chanthanoun in Georgia for a one-way trip to Arkansas, where the vehicle would be returned.

### III.    JURISDICTION & VENUE

6.      This Court has personal jurisdiction over the parties pursuant to Ark. Code Ann. § 16-4-101 and subject matter jurisdiction pursuant to Amendment 80 of the Arkansas Constitution. Circuit court jurisdiction is proper pursuant to Ark. Code Ann. § 16-13-201, which states circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under Ark. Const., Art. 7 § 11, which states circuit courts shall have jurisdiction in all civil cases.

7.      Venue is proper pursuant to Ark. Code Ann. § 16-60-101(a)(3)(A) because McKenzie Pennington resided in Washington County, Arkansas at the time of the crash.

### IV.    FACTS

8.      Sometime before June 28, 2020, Defendant Betterway became a franchisee of or otherwise associated with Defendant Avis Budget. Based on information and belief, Betterway advertised itself as an Avis Budget rental car business, Avis Budget owned the vehicles Betterway

rented, and Avis Budget controlled significant aspects of Betterway's operations, including rules for how and to whom vehicles were be rented.

9. On June 27, 2020, Defendant Thongphoun Chanthanoun rented a 2020 Kia Soul from Defendant Betterway and Defendant Avis Budget at the Avis Budget location at or near the Hartsfeld Jackson International Airport, 2300 Rental Car Center Parkway, College Park, Georgia 30337.

10. According to the Avis Budget vehicle rental agreement, Chanthanoun rented the 2020 Kia Soul for one day and was to return the vehicle on June 28, 2020 to the Avis Budget located at the Bill & Hillary Clinton National Airport, 1 Airport Road, Little Rock, Arkansas 72202.

11. On the afternoon of Sunday, June 28, 2020, Plaintiff Taylor McKenzie Pennington ("McKenzie") was traveling westbound on Interstate 40 in rural Franklin County, Arkansas. McKenzie and her dog Zeke were traveling home to Fayetteville, Arkansas after visiting her family in Maumelle, Arkansas over the weekend.

12. At or about this time, Defendant Thongphoun Chanthanoun was traveling eastbound on Interstate 40 in rural Franklin County, Arkansas on the opposite side of the interstate than McKenzie. Chanthanoun was operating the 2020 Kia Soul he had rented from Defendant Betterway and Defendant Avis Budget.

13. Suddenly and without warning, Chanthanoun failed to negotiate a right curve in the interstate, crossed the interstate median, and traveled nearly 600 feet into westbound traffic without braking, striking McKenzie's vehicle head on.

14. The investigating officer, Ben Ibarra of the Arkansas State Police, faulted Chanthanoun for the head-on crash, and noted Chanthanoun's reckless operation of the vehicle;

inattentive, careless, negligent, or erratic operation of the vehicle; running off the roadway; crossing the median; failing to keep the Kia Soul in the proper lane; driving on the wrong side of the road; and driving the wrong way.

15. Based on information and belief, suspicious of Chanthanoun's impairment, Officer Ibarra administered the taking of a blood sample of Defendant Chanthanoun.

16. McKenzie was neither cited nor were any contributing factors to the crash assessed against her by Officer Ibarra.

17. McKenzie's dog and beloved companion, Zeke, was killed in the crash.

18. In the crash, McKenzie suffered significant injuries, including but not limited to, airbag burns, head injury, a serious ankle injury, and a knee injury. She was transported by ambulance from the crash scene to Johnson Regional Medical Center.

19. As a result of injuries, she sustained in the crash, McKenzie has undergone emergency medical treatment, as well as treatment by her primary care physician, neurology treatment, orthopedic treatment and surgery, physical therapy, and counseling. Due to her significant ankle injury, which required surgery, McKenzie was mostly unable to work for the date of the crash until December 1, 2020. After the crash, McKenzie attempted to return to work with restrictions, but she was soon sent home because her employer was unable to accommodate her doctor's work restrictions.

20. McKenzie has significant and ongoing treatment related to her injuries. McKenzie also suffered the tragic loss of her dog Zeke.

V. **COUNT ONE: NEGLIGENCE OF DEFENDANT CHANTHANOUN**

21. All previous allegations are incorporated as if set forth fully herein.

22. Defendant Chanthanoun had a duty to exercise ordinary care and to otherwise not act negligently in the operation of his vehicle. Chanthanoun failed to use ordinary care and to otherwise not act negligently in the operation of his vehicle.

23. Defendant Chanthanoun failed to exercise ordinary care and was otherwise negligent in the operation of his vehicle both generally and in the following particulars:

    (a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a) and the common law of Arkansas;

    (b) Improperly and unsafely changing lanes on a public roadway, in violation of Ark. Code Ann. § 27-51-104(b)(1);

    (c) Failing to maintain control of the vehicle, in violation of § 27-51-104(b)(6) and the common law of Arkansas;

    (d) Driving inattentively where such inattention is not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. §27-51-104(b)(8) and the common law of Arkansas;

    (e) Failing to keep a proper lookout, in violation of the common law of Arkansas (AMI 901);

    (f) Driving while distracted or impaired; and

    (g) Violating other statutes, ordinances and/or regulations governing driving (AMI 903).

24. Defendant Chanthanoun's negligence was an actual and proximate cause of the above-described crash and McKenzie's injuries and damages flowing from the crash.

### VI. COUNT TWO: NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT AVIS BUDGET and DEFENDANT BETTERWAY

25. All previous allegations are incorporated as if set forth fully herein.

26. Defendant Avis Budget owned the 2020 Kia Soul at the time of the subject crash. Upon information and belief, Defendant Betterway was a franchisee or otherwise associated with Avis Budget. Defendant Avis Budget, in addition to owning the vehicle rented to Defendant Chanthanoun, controlled significant aspects of the operations and rules for how and to whom vehicles were to be rented.

27. Defendant Avis Budget and Defendant Betterway permitted Defendant Chanthanoun to rent and drive or otherwise operate the 2020 Kia Soul.

28. Defendant Avis Budget and Defendant Betterway knew or reasonably should have known that Defendant Chanthanoun was incompetent, reckless, impaired, and/or otherwise incompetent to operate a rental vehicle. Upon information and belief, Defendant Chanthanoun had a significant negative driving and criminal history, which should have disqualified him from renting a vehicle.

29. Defendant Avis Budget's and Defendant Betterway's entrustment of the Kia Soul to Chanthanoun created an unreasonable risk of harm to others, including McKenzie and her dog Zeke.

30. Defendants are directly liable for their own negligence and vicariously liable for the negligence of their employees and agents. Defendant Avis Budget's and Defendant Betterway's negligent entrustment of the Kia Soul to Chanthanoun was a proximate cause of McKenzie's injuries and damages and Zeke's injuries and death.

## VII.   COUNT THREE: NEGLIGENCE AGAINST DEFENDANT AVIS BUDGET and DEFENDANT BETTERWAY

31.   All previous allegations are incorporated as if set forth fully herein.

32.   Defendant Avis Budget and Defendant Betterway had a duty to exercise ordinary care and to not otherwise act negligently in the operation of their vehicle rental business.

33.   Defendant Avis Budget and Defendant Betterway failed to exercise ordinary care and were otherwise negligent in the operation of their vehicle rental business when they rented a vehicle to Defendant Chanthanoun, who, upon information and belief, had a significant negative driving and criminal history, which should have precluded him from renting a vehicle. Defendant Avis Budget and Defendant Betterway, upon information and belief and based on their allowance of Defendant Chanthanoun to drive their rental vehicle, were negligent in the following particulars:

(a)   hiring and training employees and agents by failing to instruct and test employees and agents, such as franchisees, on the proper vetting of customer renters;

(b)   failing to have in place and properly utilize a system for determining whether a potential customer renter possessed appropriate qualifications to drive;

(c)   failing to have in place and properly utilize a system to vet the criminal history of potential customer renters; and

(d)   failing to have knowledge of and enforce their own established rules for what potential customer renters were qualified to rent a vehicle.

34.   Defendants are directly liable for their own negligence and vicariously liable for the negligence of their employees and agents. Defendants' negligent acts and omissions were actual and proximate causes of the above-described crash and McKenzie's injuries and damages, including Zeke's injury and death, flowing from the crash.

## VIII. DAMAGES

35. All previous allegations are incorporated herein as if stated word for word.

36. McKenzie is entitled to recover the following damages from Defendants, all of which were proximately caused by Defendants' negligence:

    (a) The nature, extent, duration, and permanency of her injuries;

    (b) Past medical expenses incurred to date and reasonably certain to be incurred in the future;

    (c) Past pain, suffering, and mental anguish to date and reasonably certain to be experienced in the future;

    (d) Permanent scars, disfigurement, and visible results of injury;

    (e) Lost wages;

    (f) Loss of earning capacity;

    (g) For the injury and death of her dog, Zeke; and

    (h) For all other damages allowable by law.

37. McKenzie's total damages as shall be proven by the evidence are in excess of the minimum federal jurisdictional limits in diversity cases.

## IX. JURY TRIAL REQUEST

38. Taylor McKenzie Pennington respectfully requests a trial by jury.

WHEREFORE, Plaintiff Taylor McKenzie Pennington prays for judgment and recovery against Defendants Avis Budget Rental Car, LLC; Thongphoun Chanthanoun; and A Betterway Rent-A-Car, Inc., in a sum in excess of the federal jurisdictional limits in diversity cases; post-judgment interest; and all other just relief to which she may be entitled.

Respectfully Submitted,

By: */s/ Will Bond*
Will Bond, AR Bar No. 95145
MCMATH WOODS P.A.
711 West Third Street
Little Rock, AR 72201
Telephone: (501) 396-5400
Facsimile: (501) 374-5118
Email: will@mcmathlaw.com

and

Sarah C. Jewell, AR Bar No. 2015169
MCMATH WOODS P.A.
525 S. School Ave. Suite 310
Fayetteville, AR 72701
Telephone: (479) 435-9473
Facsimile: (501) 374-5118
Email: sarah@mcmathlaw.com

*Attorneys for Plaintiff Taylor McKenzie Pennington*

## CERTIFICATE OF SERVICE

I, Will Bond, hereby certify that on this 12th day of November 2021, I have electronically filed a copy of the foregoing First Amended Complaint via the eFlex electronic filing system, which shall send notification of such filing to the following:

Alan L. Rupe (alan.rupe@lewisbrisbois.com)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206

*Attorney for Defendant Avis Budget Car Rental, LLC*

I, Will Bond, hereby certify that on this 12th day of November 2021, I have deposited a copy of the foregoing First Amended Complaint in the U.S. Mail for service upon the following:

Thongphoun Chanthanoun
4232 E. Dayton Avenue, Apt. 111
Fresno, CA 93726

/s/ *Will Bond*